IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR ANTONIO MONTOYA GARCIA, and all others similarly situated under 29 U.S.C. § 216(b), Plaintiff, § § § § § | | |
| v. | § § | Cause No. |
| OVERNIGHT CLEANSE, LLC, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, SUNU SAMUEL a/k/a SUNNY SAMUEL, JOSEFINA MURILLO, and ALEJANDRO MURILLO Defendants. § § § § § § § § | | |

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216
OVERTIME AND MINIMUM WAGE VIOLATIONS**

Plaintiff, EDGAR ANTONIO MONTOYA GARCIA, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants OVERNIGHT CLEANSE, LLC, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, SUNU SAMUEL a/k/a SUNNY SAMUEL, JOSEFINA MURILLO, and ALEJANDRO MURILLO and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas during a majority of the claim period described below.

3. The Defendant OVERNIGHT CLEANSE, LLC is a business that regularly transacts business within the Northern District of Texas.  Upon information and belief, OVERNIGHT CLEANSE, LLC was the FLSA employer for a portion of Plaintiff's respective period of employment as set out in paragraph 13 below.

4. The Defendant GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC is a business that, on information and belief, regularly transacts business within the Northern District of Texas. Upon information and belief, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC was the FLSA employer for a portion of Plaintiff's respective period of employment as set out in paragraph 12 below.

5. The individual Defendant SUNU SAMUEL a/k/a SUNNY SAMUEL is a corporate officer and/or owner and/or manager of GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC who ran the day-to-day operations of GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC during Plaintiff's employment with same and was responsible for paying Plaintiff's wages during the period set out in paragraph 12 below and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. The individual Defendant JOSEFINA MURILLO is a corporate officer and/or owner and/or manager of OVERNIGHT CLEANSE, LLC who ran the day-to-day operations of OVERNIGHT CLEANSE, LLC during Plaintiff's employment with same and was responsible for paying Plaintiff's wages during the period set out in paragraph 13 below and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. The individual Defendant ALEJANDRO MURILLO is a corporate officer and/or owner and/or manager of OVERNIGHT CLEANSE, LLC who ran the day-to-day operations of OVERNIGHT CLEANSE, LLC during Plaintiff's employment with same and was responsible for paying Plaintiff's wages during the period set out in paragraph 13 below and controlled Plaintiff's work and schedule and was therefore also Plaintiff's employer as

defined by 29 U.S.C. § 203(d).

8. Venue is proper in the Northern District of Texas because one or more of the Defendants regularly transacts business within the Northern District of Texas and acts or omissions giving rise to this dispute took place in the Northern District of Texas.

**COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS**

9. This action arises under the laws of the United States.  This case is brought as a collective action under 29 U.S.C. § 216(b).  It is believed that the Defendants have employed multiple other similarly situated employees like the Plaintiff who have not been paid overtime wages for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

10. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

11. 29 U.S.C. § 207(a)(1) states, in pertinent part, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

12. Plaintiff, EDGAR ANTONIO MONTOYA GARCIA, worked for Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL at a "Goodfellas" pizza restaurant as a cook, prepper,

and dish washer from on or about July, 2014 through on or about March, 2017.

13. Plaintiff, EDGAR ANTONIO MONTOYA GARCIA, worked for Defendants OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO as a janitor for approximately two weeks on or about October or November of 2017 and again from on or about November 25, 2018 through on or about December 1, 2018.

14. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

15. Upon information and belief, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, individually and/or as part of the joint enterprise described in paragraph 19 below, had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015, 2016, and 2017.

16. Upon information and belief, OVERNIGHT CLEANSE, LLC had gross sales or business done in excess of $500,000 annually for the year 2017.

17. Upon information and belief, OVERNIGHT CLEANSE, LLC's sales or business done is expected to exceed $500,000 for the year 2018.

18. Furthermore, Defendants regularly employed two or more employees for the relevant time

period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.  For example, Defendant GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, operated multiple "Goodfellas" pizza restaurants throughout the period of Plaintiff's employment with that Defendant and the employees at those restaurants regularly handled goods and materials such as meats, produce, cheeses, flour, ovens, firewood, soft drink, alcoholic beverages such as tequila, vodka, beer, and whiskey, and other kitchen appliances and utensils that Plaintiff believes discovery will show travelled through interstate commerce prior to their use by such employees and Defendant OVERNIGHT CLEANSE, LLC employed multiple individuals who performed janitorial services who regularly handled goods and materials such as oven cleaners, mops, bleach, paper towels, and other cleaning supplies that Plaintiff believes discovery will show travelled through interstate commerce prior to their use by such employees.

19. Upon information and belief, Defendant, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, is part of a joint enterprise as defined by 29 U.S.C. § 203(r) engaged in the operation of numerous "Goodfellas" pizza restaurants throughout the country as the related activities between GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and the other companies operating "Goodfellas" pizza restaurants, performed through unified operation and/or common control, are being done for a common business purpose.  The business of this enterprise is the operation of various "Goodfellas" branded pizza restaurants.

20. From on or about July, 2014 through on or about December, 2016, except for the periods

from on or about July through on or about September of 2015, January to February of 2016, and from on or about July through on or about September of 2016, Plaintiff, EDGAR ANTONIO MONTOYA GARCIA, worked an average of 88 hours per week for Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL for which he was paid an average hourly rate of $10.50 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

21. From on or about December, 2016 through on or about March, 2017, Plaintiff, EDGAR ANTONIO MONTOYA GARCIA, worked an average of 80 hours per week for Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL for which he was paid an average salary of $1,600.00 every two weeks, resulting in an average effective hourly rate of $10.00 per hour, but was not paid the extra half-time rate for all hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the unpaid half-time rate for each overtime hour worked above 40 in a workweek.

22. Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether those Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL remain owing Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC and SUNU SAMUEL a/k/a SUNNY SAMUEL, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with those Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-22 above and further states:

23. 29 U.S.C. § 206(a)(1) states, in pertinent part:

> "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
>
> (1) except as otherwise provided in this section, not less than—
>
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
>
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
>
> (C) $7.25 an hour, beginning 24 months after that 60th day;"

29 U.S.C. § 206(a)(1). On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

24. During two weeks falling on or about October or November of 2017 and again from on or about November 25, 2018 through on or about December 1, 2018, Plaintiff, EDGAR ANTONIO MONTOYA GARCIA, worked an average of 38 hours per week for Defendants OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO for which he was paid nothing at all as the attempted payment made to him was returned for insufficient funds, in violation of the Fair Labor Standards Act as Plaintiff was not paid the applicable minimum wage for that period.

25. The wage payment practices of Defendants OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO regarding Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid at least the required federal minimum wage for each hour worked. Plaintiff therefore claims the difference between the applicable federal minimum wage rate and his average wage of $0.00/hr. for each hour worked during the time period consisting of two weeks falling on or about October or November of 2017 and again from on or about November 25, 2018 through on or about December 1, 2018.

26. Defendants OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as those Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether those Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

Defendants OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO remain owing Plaintiff these wages since the commencement of Plaintiff's employment with those Defendants for the time periods specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with those Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

    Respectfully submitted,

By: s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:  (972) 386-7610

**COUNSEL FOR PLAINTIFF**