IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR ANTONIO MONTOYA GARCIA, and all others similarly situated under 29 U.S.C. § 216(b), Plaintiff, | § § § § § | |
| v. | § | Civil Action No. 3:18-CV-3386-S-BH |
| OVERNIGHT CLEANSE, LLC, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, SUNU SAMUEL a/k/a SUNNY SAMUEL, JOSEFINA MURILLO, and ALEJANDRO MURILLO, Defendants. | § § § § § § § § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Amended First Motion Seeking Leave to File and Serve Amended Complaint*, filed September 23, 2019 (doc. 20). Based on the relevant filings and applicable law, the motion is **GRANTED**.

**I.**

On December 21, 2018, the plaintiff filed this collective action under the Fair Labor Standards Act (FLSA) on behalf of himself and all other similarly situated employees of the defendants. (*See* doc. 1.) A scheduling order was entered on April 5, 2019, which provided that "[a]ll motions for leave to amend pleadings must be filed no later than **September 20, 2019**," discovery must be completed by December 20, 2019, and all dispositive motions must be filed "[n]o later than January 17, 2020." (doc. 14 at 2-3.) On September 20, 2019, the plaintiff filed a motion for leave to file an amended complaint to include "pendent state law claims that are directly related to his minimum wage claim." (*See* doc. 18 at 1.) The certificate of conference to the motion stated that the parties had reached

---

[1] By electronic order referring case, filed March 13, 2019, this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

agreement on the motion, (*see id.* at 4), and the motion was granted by electronic order on September 21, 2019, (*see* doc. 19). On September 23, 2019, the plaintiff filed an amended motion for leave to amend, clarifying that the certificate of conference contained a typographical error, and that the motion was not agreed. (*See* doc. 20 at 1 n. 1.) The order granting the motion was vacated, and a response was ordered. (*See* doc. 23.) The defendants oppose amendment on grounds of undue delay, prejudice and futility. (*See* doc. 25.)

## II.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading once as a matter of course within 21 days after serving it, or if a responsive pleading is required, with 21 days of receiving the responsive pleading or a motion under Rule 12(b), (e), or (f). Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

### A. <u>Undue Delay and Prejudice</u>

The defendants contend that the plaintiff waited until the eve of the deadline to add new state

law claims without explanation, and that they will be prejudiced by the delay because the discovery deadline will soon expire. (*See* doc. 25 at 1-2.)

"A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend. Merely because a claim was not presented as promptly as possible, however, does not vest the district court with authority to punish the litigant." *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). Delay alone is an insufficient basis to deny leave to amend, and delay must be "*undue, i.e.*, it must prejudice the nonmoving party or impos[e] unwarranted burdens on the court." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 610 F.Supp.2d 600, 653 (S.D.Tex. 2009)(emphasis in original)(quoting *Mayeaux v. Louisiana Health Service and Indemnity Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). When a court considers a motion for leave to add a new theory to the complaint, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time." *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. 3:06-CV-0073-D, 2007 WL 2592353, at *2 (N.D. Tex. Sept. 10, 2007) (citation omitted). The Fifth Circuit recognizes that "even under the more liberal Rule 15 standard [a court] 'more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment.'" *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 239 (5th Cir. 2015) (citation omitted).

Here, because the plaintiff sought leave to file a first amended complaint by the deadline, the motion is presumed timely. *See Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011) (explaining that "there is a presumption of timeliness" if the motion for leave is filed by the court-ordered deadline); *see also Mary Kay, Inc. v. Dunlap,* 3:12-CV-29-D, 2012 WL 3283475, at *2 (N.D. Tex. Aug. 13, 2012) (finding that argument of undue delay "lacks

force" where amendment was sought by court-ordered deadline). His motion explains that he seeks to amend based on the discovery he has undertaken, and that his claims are based on the same nucleus of operative facts as his FLSA claim. (*See* doc. 20 at 1.) The defendants have not shown that permitting the amendment will cause undue delay or prejudice under these circumstances, especially since there are almost two months left until the discovery deadline elapses. *See Carson*, 689 F.2d at 583-585 (finding the district court abused its discretion in denying leave to amend complaint to add an additional claim where there was no pretrial order or conference, there was no evidence in the record to suggest the plaintiff acted in bad faith in not previously including the claim, and there was no evidence of prejudice to the defendants if the claim was allowed to be made); *compare OnAsset Intelligence, Inc. v. Freightweight International (USA), Inc.,* No. 3:11-CV-3148-G, 2012 WL 5409660, at *2 (N.D.Tex. Nov. 6, 2012) (finding the "usual case in which 'undue delay' supports a court's denial of leave to amend is where a party waits until the eve of trial to assert a new claim); *Daves v. Payless Cashway, Inc*., 661 F.2d 1022, 1025 (5th Cir. 1981) (finding an unexplained delay in seeking to amend complaint on the day of trial coupled with the fact that the amended complaint presented a theory of recovery far removed from the original, justified denial of leave to amend even though there was no showing of bad faith). This FLSA collective action is still at an early stage, and when the facts in this case are "carefully scrutinized," nothing in the record suggests an undue delay or a dilatory motive by the plaintiff, or undue prejudice to the defendants.

**B.** **Futility**

The defendants also argue that amendment would be futile. (doc. 25 at 2.)

The Fifth Circuit has interpreted futility under Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard

as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id.* The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL 4941044 at *1; *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873). This Court's "almost unvarying practice when futility is raised [in response to a motion for leave to amend] is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion . . . where the procedural safeguards are surer." *Poly-America, Inc. v. Serrott Int'l Inc.*, No. 3:00-CV-1457-D, 2002 WL 206454, at *4-5 (N.D. Tex. Feb. 7, 2002) (citation omitted). Accordingly, the plaintiff's motion for leave to amend the complaint should not be denied as futile at this stage of the proceedings.

Having considered the relevant factors, there is no "substantial reason" to deny the plaintiff's motion for leave to amend his complaint. *See Jacobsen*, 133 F.3d at 318.

### III.

The motion for leave is **GRANTED.** The Clerk's Office shall file the proposed amended complaint filed with the plaintiff's motion.

**SO ORDERED** on this 29th day of October, 2019.

                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE