IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR ANTONIO MONTOYA GARCIA, and all others similarly situated under 29 U.S.C. § 216(b), Plaintiff, | § § § § § | |
| v. | § § | Civil Action No. 3:18-CV-3386-S-BH |
| OVERNIGHT CLEANSE, LLC, GESU RESTAURANT GROUP, INC. also d/b/a GESU RESTAURANT GROUP LLC, SUNU SAMUEL a/k/a SUNNY SAMUEL, JOSEFINA MURILLO, and ALEJANDRO MURILLO, Defendants. | § § § § § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the parties' *Consent to Final Judgment as to Defendants Overnight Cleanse, LLC, Josefina Murillo, and Alejandro Murillo Only*, filed June 12, 2020 (doc. 35). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On December 21, 2018, Edgar Antonio Montoya Garcia (Plaintiff) filed this suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-216 *et seq.*, against his former employers,[2] including Overnight Cleanse, LLC (Overnight), Josefina Murillo (Josefina), and Alejandro Murillo (Alejandro) (collectively Defendants). (*See* doc. 1.)[3] Plaintiff alleges that he worked for Defendants

---

[1]By electronic order referring case, filed March 13, 2019, this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]The other defendants that Plaintiff sued have not responded, and it has been recommended that default judgment be entered against them. (*See* doc. 39.)

[3]Plaintiff filed this as a collective action under the FLSA on behalf of himself and all other similarly situated employees of the defendants, but it has not been conditionally certified as a collective action.

"as a janitor for approximately two weeks on or about October or November of 2017 and again from on or about November 25, 2018 through on or about December 1, 2018," for an average of 38 hours per week, but was paid nothing. (doc. 28 at 4, 8.)[4] He also alleges that Defendants' wage payment practices did not comply with the FLSA, as he "was not paid at least the required federal minimum wage for each hour worked." (*Id.* at 8.)  He claims that Defendants "willfully and intentionally refused to pay [his] minium wages," and that they "recklessly failed to investigate whether [their] payroll practices were in accordance with the [FLSA]." (*Id.* at 8-9.)

Plaintiff alleges that in 2017, he and Overnight entered into a contract, "under the terms of which, [he] was to be paid $1,000.00 per month for his janitorial work," and that he worked for Overnight for two weeks but was not paid the $500.00 owed to him, despite his repeated demands to Overnight and Alejandro. (*Id.* at 9.)  In 2018, he worked for Defendants for one week after receiving assurances that he would be paid, but despite repeated demands for payment, "they have failed and refused to pay him for anything for the three weeks that he worked, at the rate of $250.00 per week." (*Id.* at 9-10.)

On October 29, 2019, Plaintiff filed an amended complaint.  (doc. 28.)  He asserts claims against Defendants for federal minimum wage violations under 29 U.S.C. § 206(a)(1), breach of contract, quantum meruit, and promissory estoppel, and seeks damages for all unpaid wages owed to him under the FLSA, as well as liquidated damages, reasonable attorney's fees, court costs, and interest. (*Id.* at 9-14.)

On June 12, 2020, the parties appeared to move for approval of a settlement agreement under 29 U.S.C. §216(b) of the FLSA.  (doc. 35.)  The motion states as follows:

---

[4]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

> Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216, *et seq.*, it is hereby agreed and consented that Plaintiff EDGAR ANTONIO MONTOYA GARCIA, shall be entitled to take a Final Judgment against Defendants, OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, in the total amount of $12,500.00 (Twelve Thousand Five Hundred and 00/100 Dollars), which sum includes all damages and liquidated damages and attorneys' fees and costs, in satisfaction of all claims that were brought in the above-captioned matter against OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, and which sum shall bear interest at the legal rate from the date of this consent judgment onward and for which sum let execution issue. A proposed Final Judgment shall be submitted to the Court for entry in accordance with this Consent. This Judgment does not apply to any other Defendants in this case. The Parties agree that the Court shall retain jurisdiction to enforce this matter until all sums are paid in full. As part of this Consent Judgment and as a material term, Defendants, OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, have agreed to pay Plaintiff's reasonable attorneys fees and costs incurred in this case as to these named Defendants only, which amount is included in the total judgment amount.

(*Id.* (capitalization original)).

## II. MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Generally, "an employee's right to a minimum wage per hour or overtime pay for hours over forty hours a week is not subject to waiver by the employee." *Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984). Nevertheless, "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp.2d 714, 716 (W.D. Tex. 2010) (quoting *Villeda v. Landry's Rests., Inc.*, No. H-08-2287, 2009 WL 3233405, at *1 (S.D. Tex. Oct. 7, 2009)); *see also Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Id.* at 736 (citing *Villeda v. Landry's Restaurants, Inc.*, 2009 WL 3233405, at *1 (S.D. Tex. 2009)). When scrutinizing an FLSA settlement agreement, the court must determine "(1) that the settlement resolves a bona fide dispute over FLSA provisions and (2) that the resolution is fair and reasonable."

3

*Lee v. Metrocare Servs.*, No. 3:13-CV-2349-O, 2015 WL 13729679, at *1 (N.D. Tex. July 1, 2015); *see also Lynn's Food Stores*, 679 F.2d at 1355 (noting that a court can enter a stipulated judgment when it "determine[s] that a settlement proposed by an employer and employees, in a suit brought by the employee under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions").

**A.     Bona Fide Dispute**

Courts must first determine whether there exists a bona fide dispute between the parties before approving a settlement of FLSA claims. *See Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010) ("When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is fair and reasonable resolution of a bona fide dispute over the FLSA's provisions."). "The requirement of an adversarial posture between parties to a settlement agreement operates as a guarantee that employers cannot profit by coercing employees into waiving their rights, and then dressing that invalid waiver of the FLSA's protections as a valid settlement of a legal claim." *Sims v. Hous. Auth. of City of El Paso*, No. EP-10-CV-109-KC, 2011 WL 3862194, at *6 (W.D. Tex. Sept. 1, 2011). A disagreement over the amount of hours worked or the amount of compensation due is sufficient to create a bona fide dispute for purposes of this factor. *See Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp.2d 608, 631 (W.D. Tex. 2005) ("parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due"); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241, 2012 WL 161824, at *14 (E.D. La. Jan.18, 2012) ("A disagreements [sic] over 'hours worked or compensation due' clearly establishes a bona fide dispute.") (citation omitted).

4

Here, the amended complaint alleges that Plaintiff worked for Defendants, he was never paid the applicable federal minimum wage, and Defendants "willfully and intentionally refused to pay [him] minimum wages" in violation of 29 U.S.C. § 206(a)(1). (doc. 28 at 8-9.) It claims that Defendants owe Plaintiff "all minimum wages still owing from [his] entire employment period with [them]," as well as liquidated and reasonable attorney's fees that are recoverable under the FLSA. (*Id.* at 9.) In their amended answer, Defendants deny these allegations and state that they paid all wages owed to Plaintiff, all acts or omissions were made in good faith, and Plaintiff's claims are exempted under the FLSA. (*See* doc. 29.) A bona fide dispute regarding whether minimum wage compensation is owed exists. *See, e.g., Sandoz v. Cingular Wireless LLC*, No. 6:07-CV-01308, 2018 WL 6577640, at *5 (W.D. La. Dec. 3, 2018), *adopted by* 2018 WL 6544016 (W.D. La. Dec. 12, 2018) (finding existence of a bona fide dispute based on employee's claim that she was paid below the minimum wage and employer's position throughout the litigation that she did not suffer any minimum wage violations); *see also Martin v. Spring Break 83 Prod., L.L.C.*, 688 F.3d 247, 255-56 (5th Cir.2012) (finding bona fide dispute where the parties disputed "over the number of hours for which they are owed their set rate of pay").

**B.** **Fair and Reasonable Resolution**

Once a court finds that there is a bona fide dispute, it reviews the settlement agreement to determine whether it is fair and reasonable. *Sims*, 2012 WL 10862119 at *3. In FLSA collective actions, courts in this circuit have generally utilized the fairness factors applied to class actions brought under Rule 23 of the Federal Rules of Civil Procedure. *Johnson v. New Season*, No. 3:19-CV-84-DMB-RP, 2019 WL 6255494, at *2 (N.D. Miss. Nov. 22, 2019). This is because Rule 23(e) "requires court approval to finalize a proposed class action settlement," and because "the Rule

23(e) standard encompasses the 'fair and reasonable' settlement standard of the FLSA collective action, and cases interpreting Rule 23(e) are analogous and applicable to the instant FLSA action." *Sims*, 2012 WL 10862119 at *3 (citing *Altier*, 2012 WL 161824, at *14). According to the Fifth Circuit, courts must consider the following six factors to determine whether a settlement agreement is fair and reasonable:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). Courts have applied these factors "even when a proposed settlement involves only a single plaintiff." *Johnson v. New Season*, No. 3:19-CV-84-DMB-RP, 2019 WL 6255494, at *2 (N.D. Miss. Nov. 22, 2019) (citing cases).

Here, the parties' motion states that Plaintiff will receive from Defendants the total amount of $12,500.00, "which sum includes all damages and liquidated damages and attorneys' fees and costs, in satisfaction of all claims" brought against Defendants. (doc. 35.) The parties do not provide the settlement agreement or any evidence in support of the six factors, and there is no brief in support of the motion addressing whether the settlement agreement is fair and reasonable.[5] Because the Court is unable to consider and apply the six factors laid out by the Fifth Circuit, a determination regarding the fairness and reasonableness of the settlement agreement cannot be made based on the current record, the motion should be denied.

---

[5]Local Rule 7.1 of the Local Civil Rules for the Northern District of Texas requires the filing of briefs in support of most motions. Subsection (d) provides that briefs shall contain a "party's contentions of fact and/or law, and arguments and *authorities*." *See* Rule 7.1(d) (emphasis added). Briefs containing authorities greatly assist the Court in making rulings more expeditiously.

## III.  RECOMMENDATION

The motion for approval of settlement agreement and final judgment should be **DENIED without prejudice**.

**SO RECOMMENDED** on this 25th day of January, 2021.

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```