IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR ANTONIO MONTOYA GARCIA, § | | |
| and all others similarly situated under § | | |
| 29 U.S.C. § 216(b), § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:18-CV-3386-S-BH | |
| § | | |
| OVERNIGHT CLEANSE, LLC, GESU § | | |
| RESTAURANT GROUP, INC. also d/b/a § | | |
| GESU RESTAURANT GROUP LLC, § | | |
| SUNU SAMUEL a/k/a SUNNY SAMUEL, § | | |
| JOSEFINA MURILLO, and § | | |
| ALEJANDRO MURILLO, § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**ORDER**

Before the Court is the parties' *Joint Motion for Reconsideration of this Court's Order at D.E. 40*, filed January 28, 2021 (doc. 41). Based on the relevant filings and applicable law, the motion is **GRANTED**, and the *Findings, Conclusions and Recommendation*, filed January 25, 2021 (doc. 41), are hereby **VACATED**.

**I. BACKGROUND**

On December 21, 2018, Edgar Antonio Montoya Garcia (Plaintiff) filed this suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-216 *et seq.*, against his former employers,[2] including Overnight Cleanse, LLC (Overnight), Josefina Murillo (Josefina), and Alejandro Murillo

---

[1] By electronic order referring case, filed March 13, 2019, this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] The other defendants that Plaintiff sued have not responded, and it has been recommended that default judgment be entered against them. (*See* doc. 39.)

(Alejandro) (collectively Defendants). (*See* doc. 1.)[3] He alleged that he worked for Defendants "as a janitor for approximately two weeks on or about October or November of 2017 and again from on or about November 25, 2018 through on or about December 1, 2018," for an average of 38 hours per week, but was paid nothing. (doc. 28 at 4, 8.)[4] He also claimed that Defendants' wage payment practices did not comply with the FLSA, as he "was not paid at least the required federal minimum wage for each hour worked," and that Defendants "willfully and intentionally refused to pay [his] minium wages," and that they "recklessly failed to investigate whether [their] payroll practices were in accordance with the [FLSA]." (*Id.* at 8-9.) His amended complaint asserts claims against Defendants for federal minimum wage violations under 29 U.S.C. § 206(a)(1), breach of contract, quantum meruit, and promissory estoppel, and seeks damages for all unpaid wages owed to him under the FLSA, as well as liquidated damages, reasonable attorney's fees, court costs, and interest. (doc. 28. at 9-14.)

On June 12, 2020, the parties filed a *Consent to Final Judgment as to Defendants Overnight Cleanse, LLC, Josefina Murillo, and Alejandro Murillo Only*, which states as follows:

> Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216, *et seq.*, it is hereby agreed and consented that Plaintiff EDGAR ANTONIO MONTOYA GARCIA, shall be entitled to take a Final Judgment against Defendants, OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, in the total amount of $12,500.00 (Twelve Thousand Five Hundred and 00/100 Dollars), which sum includes all damages and liquidated damages and attorneys' fees and costs, in satisfaction of all claims that were brought in the above-captioned matter against OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, and which sum shall bear interest at the legal rate from the date of this consent judgment onward and for which sum

---

[3] Plaintiff filed this as a collective action under the FLSA on behalf of himself and all other similarly situated employees of the defendants, but it has not been conditionally certified as a collective action.

[4] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

> let execution issue. A proposed Final Judgment shall be submitted to the Court for entry in accordance with this Consent. This Judgment does not apply to any other Defendants in this case. The Parties agree that the Court shall retain jurisdiction to enforce this matter until all sums are paid in full. As part of this Consent Judgment and as a material term, Defendants, OVERNIGHT CLEANSE, LLC, JOSEFINA MURILLO, and ALEJANDRO MURILLO, jointly and severally, have agreed to pay Plaintiff's reasonable attorneys fees and costs incurred in this case as to these named Defendants only, which amount is included in the total judgment amount.

(Consent to Final Judgment) (doc. 35 (capitalization original)). Plaintiff docketed the filing as a motion for approval of settlement agreement and final judgment; it requested final judgment under 29 U.S.C. §216(b) of the FLSA and did not cite a procedural rule or legal basis for final judgment other than the FLSA. (doc. 40 at 2-3.) Accordingly, the filing was construed as a motion for approval of settlement agreement and final judgment, and on January 25, 2021, it was recommended that the motion be denied without prejudice because the parties had not provided the settlement agreement or any evidence to show that the settlement was fair and reasonable. (*Id.* at 7.)

On January 28, 2021, the parties filed a motion for reconsideration. (doc. 41.) They contend that the maximum that Plaintiff would receive from a jury would be $1,653.00, exclusive of attorney's fees and costs, and that because he will be receiving his entire claim, court approval is not required. (*Id.* at 2.) They jointly request entry of final judgment against Defendants. (*Id.* at 4.)

## II.  MOTION FOR RECONSIDERATION

As noted by the Fifth Circuit, "the Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (noting that the federal rules of procedure "do not recognize a 'motion for reconsideration' *in haec verba*"), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.14 (5th Cir. 1994). Where a motion for reconsideration challenges a final judgment, it is treated either as a motion to

3

alter or amend the judgment under Rule 59(e), or as a motion seeking relief from judgment under Rule 60(b). *Id.* Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (citing *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under this rule, "'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere*, 910 F.2d at 185). The Fifth Circuit has specifically noted Rule 54(b)'s flexibility, which reflects courts' inherent power to provide relief from interlocutory orders and decisions "'as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)); *Cabal v. Brennan*, 853 F.3d 763, 766 n.3 (5th Cir. 2017).

Here, the parties seek reconsideration of the recommendation that the Consent for Final Judgment be denied. (doc. 41.) They contend that in the Fifth Circuit, "not every FLSA settlement requires court approval because 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'" (*Id.* at 3 (quoting *Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012).) Because the maximum that Plaintiff would receive from a jury would be $1,653.00, exclusive of attorney's fees and costs, and he will be receiving his entire claim, court approval is not required in this case. (*Id.* at 2.) They therefore seek entry of the agreed final judgment against Defendants.

4

When parties request judicial review and approval of a settlement agreement in the dismissal of the underlying FLSA action, the court must be satisfied that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. SA-15-CV-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). "But, the Fifth Circuit has held that the court's approval is not required when the settlement agreement occurred within the context of a lawsuit and both parties were represented by counsel." *Garcia v. 8th Ave. Wings, LP*, No. 4:18-CV-464-A, 2018 WL 6591822, at *1 (N.D. Tex. Dec. 14, 2018) (citing *Martin*, 688 F.3d at 256 n.10); *but see Romero v. Levya*, No. 1:19-CV-683-RP, 2020 WL 1958639, at *3 (W.D. Tex. Apr. 23, 2020) ("Given the absence of explicit Fifth Circuit precedent to the contrary, the tendency of district courts within the Fifth Circuit to require review of FLSA settlement agreements, and the compelling reasoning of the Second Circuit, the Court finds that its review and approval of the settlement is appropriate, if not mandatory.").

As noted, the Plaintiff docketed the Consent for Final Judgment as a motion for approval of settlement agreement under the FLSA, and it did not cite a procedural rule or legal basis in support of the relief requested, so the filing was construed as a motion. (doc. 40 at 2-3.)  The joint motion for reconsideration makes clear that the parties did not intend to move for court approval of the settlement agreement, and were only seeking entry of their agreed judgment. (*See* doc. 41.)  They have shown that because Plaintiff will be receiving his entire claim through the settlement, court approval is not required in this case.  Vacating the recommendation is consistent with the Court's inherent power to provide relief from interlocutory orders and decisions under Rule 54(b) "as justice requires."  *Austin*, 864 F.3d at 337.

### III.  CONCLUSION

The parties' *Joint Motion for Reconsideration of this Court's Order at D.E. 40*, filed January 28, 2021 (doc. 41) is **GRANTED**, and the *Findings, Conclusions and Recommendation*, filed January 25, 2021 (doc. 41), are hereby **VACATED**.  The Clerk of Court shall modify docket entry #35 to reflect the actual title of the filing, and shall terminate the associated motion.

**SO ORDERED** on this 5th day of March, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE